# WILLIAM DRINKWATER, RESPONDENT, *v.* WILLIAM B. DINSMORE, APPELLANT.

*Action for injuries — measure of damages — that a third person continues to pay the injured person wages during his disability does not relieve the defendant.*

In an action to recover damages for injuries sustained by reason of an obstruction placed in the highway by defendant, plaintiff is entitled to recover the expenses incident to his illness, the value of his time lost thereby, a fair compensation for his physical and mental sufferings, and for any permanent reduction of his power to earn money.

The fact that his employer paid him his wages regularly during his sickness, does not relieve the defendant from liability to compensate him for the loss of the time during which he was unable to work.

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages claimed to have been occasioned by the upsetting of a wagon driven by plaintiff, whereby his leg was broken. The accident was caused by a pile of gravel placed on the side of the road by direction of defendant's foreman.

*John E. Burrill* and *Frederick A. Ward*, for the appellant.

*W. R. Woodin*, for the respondent.

DYKMAN, J.:

This action is for damages resulting to the plaintiff from a personal injury caused by the upsetting of a wagon by an obstruction in the highway, placed there by the defendants. The cause was tried at the Circuit, and the jury gave a verdict for the the plaintiff for $1,000. There was no exceptions to the direction given to the jury in the charge, and the charge is not contained in the case on appeal. There was no motion for a new trial, and the appeal is from the judgment only. There is certainly evidence to sustain the verdict, and we can do no more than examine questions of law which came up on the trial. Of these there are but two.

After the plaintiff had given some testimony in respect to his

wages and the length of time he was detained from his work by reason of the injury he received, he was asked, on cross-examination, this question : " During the time when you were sick with this broken leg, were not your wages paid for by the Knickerbocker Ice Company ?" This was objected to by the plaintiff's counsel, the objection was sustained, and the defendant excepted.

The object of this testimony was to show that the plaintiff had been paid his wages during his sickness, by the company in whose employ he was at the time of the injury, and thus reduce the amount of his recovery, and we must now assume that the plaintiff had been so paid. Was the testimony proper?

This is not a case for exemplary damages. They must be compensatory only. The plaintiff may recover the expenses of his cure, the value of his time lost during his disability, a fair compensation for his physical and mental suffering caused by the injury, and for any permanent reduction of his power to earn money. This seems to be the result of the authorities, and is the rule usually applied in similar cases.

The plaintiff is entitled, as a part of his damages, to the value of the time he lost. Can this be reduced by showing that he received this amount from some other hand? We think not. The law imposed this part of the plaintiff's damages upon the defendant, as a consequence of the injury he caused him, and no mitigation of the amount can come to him from any mere voluntary payment of a portion by a third party not in the interest of the defendant. The principle may be tested by supposing the company to have given the plaintiff $1,000, on receipt of the injury, for his maintenance until his recovery. Could it now be successfully contended that no recovery could be had for the injury, because the plaintiff had been fully compensated. The plaintiff must recover his loss and the defendant must pay it. He can take no benefit from the gratuity of others. He has caused an injury and consequent loss, and he must pay, no matter how benevolent others have been. In our view, therefore, the testimony was properly excluded.

The defendant was asked to state the agreement between him and the commissioners of highways, under which he worked out his road tax. This was objected to and excluded, and an excep-

tion taken. If there was anything wrong about this, the difficulty was all obviated in a moment afterwards when the ruling was made the other way, and the defendant detailed the whole arrangement.

We find no error, and the judgment must be affirmed, with costs.

GILBERT, J., concurred; BARNARD P. J., not sitting.

Judgment affirmed, with costs.